

**SO ORDERED.**

**SIGNED this 6th day of December, 2011.**

Janice Miller Karlin
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:
Michael Gene Oliver
Ann Lucille Francis,

Case No. 05-40504
Chapter 13

        Debtors.

Michael Gene Oliver
Ann Lucille Francis,

        Plaintiffs,

vs.

Adversary No. 11-07038

CitiMortgage, Inc. and
Citicorp Trust Bank, FSB,

        Defendants.

## Memorandum Opinion and Order

Plaintiff has asked the Court to reconsider an order that granted Defendants' unopposed Motion to Strike Plaintiffs' Request for Jury Trial. But because consent of all parties is required before a bankruptcy court can conduct a jury trial, and Defendants decline to consent, Plaintiffs were required to file a motion to withdraw the

reference to have the proceeding transferred to the district court for a jury trial. Plaintiffs have never done so. Because of that failure, Plaintiffs have not shown that granting Defendants' Motion to Strike Jury Trial was clear error or results in manifest injustice. As a result, the Court denies the Motion to Reconsider.

## Procedural History

Plaintiffs requested a jury trial within their July 2011 Complaint,[1] citing Rule 38(b) of the Federal Rules of Civil Procedure. With their answer,[2] Defendants also filed a separate motion to strike the jury trial request.[3] The Motion to Strike asserted two bases for striking the request: (1) Plaintiffs waived their right to a jury trial by not timely filing a request for transfer to the district court; and (2) Plaintiffs were not eligible for a jury trial under the Seventh Amendment.[4]

Plaintiffs did not respond to Defendants' Motion to Strike.[5] When Defendants submitted an order granting that motion ten days after the response was due, the Court

---

[1] Doc. 1 at p. 16.

[2] Doc. 9.

[3] Doc. 10.

[4] Defendants' second argument relied on *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and only superficially addressed the Seventh Amendment right to a jury trial. Defendants argued that, because Plaintiffs' Complaint seeks a "declaratory judgment to determine the balance owed on Plaintiffs' Note," the Complaint "would naturally affect Defendants['] proof of claim which concerns estate assets." Defendants claimed that courts have held that proceedings affecting estate assets involve public rights and, under the *Granfinanciaera* standard, Plaintiffs thus have no right to a jury trial. Doc. 10 at ¶ 3.

[5] The response to this non-dispositive motion was due within 14 days, pursuant to D. Kan. Rule 6.1(d)(1). All Local Rules of the District of Kansas are applicable to bankruptcy proceedings under D. Kan. Rule 83.8.2 and D. Kan. L.B.R. 1001.1(a).

signed the Order.[6] A few days later, the Court entered a Scheduling Order. That order noted that the parties' pleadings agreed the claims in the adversary proceeding involved core matters and that the Court had jurisdiction to enter a final order and judgment.[7] The Court's Scheduling Order also noted that, "[n]evertheless, any motion to withdraw the reference pursuant to 28 U.S.C. § 157(b)(3) **shall** be filed by November 1, 2011."[8]

Plaintiffs timely filed a Motion to Reconsider the Order Granting the Motion to Strike.[9] Plaintiffs advance five arguments: (1) because Defendants' Motion to Strike was not accompanied by a memorandum, Plaintiffs were not required to file a response to the Motion; (2) Rule 39 of the Federal Rules of Civil Procedure mandates a jury trial because the Court did not find that there was no right to a jury trial; (3) Plaintiffs need not file a motion to withdraw the reference because Plaintiffs seek a jury trial in the bankruptcy court, not in the district court; (4) Defendants' analysis of the Seventh Amendment right to a jury trial is flawed; and (5) Plaintiffs should get more time to respond to the motion to strike based on the excusable neglect of their counsel.[10]

## Conclusions of Law

### I. The Standard of Review Governing Motions to Reconsider

The Federal Rules of Civil Procedure do not provide for motions for

---

[6] Doc. 14.

[7] Doc. 17 at ¶ 5.

[8] *Id.* (emphasis added).

[9] Doc. 19.

[10] Doc. 20.

reconsideration.[11] The District of Kansas Local Rules do address these motions under D. Kan. Rule 7.3(b). That rule provides:

> Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.

Plaintiffs argue only the third prong of Rule 7.3(b)—"the need to correct clear error or prevent manifest injustice." The decision to grant or deny a motion for reconsideration is a discretionary matter for the Court,[12] and the movant must show that reconsideration is necessary.[13]

## II. Statutory and Procedural Considerations Governing a Jury Trial in the Bankruptcy Court

This dispute surrounds the right to a jury trial on claims asserted in the bankruptcy court. When a jury trial is demanded in a bankruptcy proceeding, 28 U.S.C. § 157(e) begins the Court's analysis. Section 157(e) states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge [governing "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11"], the bankruptcy judge may conduct the jury trial if specially

---

[11] *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[12] *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (referring to a motion for reconsideration as "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment").

[13] *Classic Communc'ns, Inc. v. Rural Tel. Serv. Co.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

-4-

designated to exercise such jurisdiction by the district court
and with the express consent of all the parties.

Therefore, under § 157(e), a bankruptcy judge may conduct a jury trial in appropriate cases only if both (1) "specially designated" to do so by the district court *and* (2) all parties consent.[14]

The first step in the § 157(e) analysis is to determine whether the district court has designated this jurisdiction on bankruptcy courts within the district. Turning to the Local Rules for the District of Kansas, Rule 83.8.13 states:

> (a) A *district judge shall* conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed.
>
> (b) A *bankruptcy judge shall* conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, where a jury is timely demanded, and the parties have jointly or separately filed a statement of consent to trial before a bankruptcy judge. A bankruptcy judge may hear and determine all motions, dispositive or otherwise, filed by the parties in such a case or proceeding.[15]

Rule 83.8.13(b) requires three prerequisites be met before the bankruptcy court has jurisdiction to conduct a jury trial: (1) a party has the right to a jury trial; (2) a jury trial is timely demanded; and (3) the parties have consented to a jury trial in the bankruptcy

---

[14] The appropriate cases are those where the party has demonstrated a Seventh Amendment right to trial by jury on some or all of its claims. *See Granfinanciera, S.A.*, 492 U.S. at 41–42 (concluding that the right to a jury trial under the Seventh Amendment is determined by the legal or equitable nature of the same or similar claims at the time the Seventh Amendment was ratified). As discussed below, because Plaintiffs—the parties requesting the jury trial—have never filed a motion to withdraw the reference in this case, that analysis has not been done here.

[15] (emphasis added).

court. It is thus clear that consent of all parties is a necessary prerequisite to the bankruptcy court's authority to hold a jury trial under § 157(e) and Rule 83.8.13. Subsection (a) of Rule 83.8.13 is applicable when all parties have *not* consented to trial by jury in the bankruptcy court. In those cases, the party seeking the jury trial before a district judge must show: (1) a right to trial by jury; and (2) a timely demand.

Defendants have not "expressly consented."[16] Instead, they have made it clear they do not consent to jury trial in the bankruptcy court by filing the motion to strike. As a result, to receive a jury trial (again, assuming one is available), Plaintiffs must follow the procedures for withdrawal of the reference to the bankruptcy court in 28 U.S.C. § 157(d) so that the jury trial may be held in the district court.

Section 157(d) states, in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on *timely* motion of any party, *for cause shown*."[17] The statute does not define the "for cause shown" standard, but case law demonstrates that "[t]he right to a jury trial has been recognized as cause for withdrawal of reference."[18] The statute also does not define "timely," but courts have required that motions for withdrawal be filed at the first

---

[16] 28 U.S.C. § 157(e).

[17] (emphasis added).

[18] *Parks v. Persels & Assoc., LLC (In re Ballway)*, Case No. 10-13945, Adv. No. 11-05016, 2011 WL 1770996, at *1 (Bankr. D. Kan. Apr. 20, 2011) (citing *Manley Truck Line, Inc. v. Mercantile Bank of Kan. City*, 106 B.R. 696 (D. Kan. 1989) and the cases collected at 1 *Collier on Bankruptcy* ¶ 3.04[1][b], at 3-54 n.6 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010)).

reasonable opportunity.[19]

In this District, the standards for transfer of a "proceeding commenced in . . . the Bankruptcy Court," and the operative definition of "the first reasonable opportunity," are laid out in detail within Rule 83.8.6. That rule requires the party seeking transfer (*i.e.*, the party seeking the jury trial) file a motion in the bankruptcy court certifying one of six grounds for withdrawal of the reference.[20] One of those six grounds is the existence of cause under 28 U.S.C. § 157(d), and within that ground is the requirement that the basis for the jury trial be stated with specificity.[21]

In other words, the party seeking a transfer to the district court—the only court with jurisdiction to hold the jury trial when all parties do not consent—must file a motion to withdraw the reference in the bankruptcy court specifying the right to jury trial for the claims made in the complaint. Furthermore, the Local Rules provide an express definition for a "timely" transfer: when the movant is the "original plaintiff," as here, the motion "*shall* be filed within 20 days after the proceeding is commenced."[22] The procedures outlined are mandatory on the requesting party—the Local Rules require that a case be transferred to the district court "only in accordance" with the

---

[19] *See* 9 *Collier on Bankruptcy* ¶ 5011.01[2], at 5011-8 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010); *cf. Commercial Fin. Servs., Inc. v. Temple (In re Commercial Fin. Servs., Inc.)*, 97 Fed. App'x 238, 2004 WL 433065, at *1 (10th Cir. 2004) (unpublished) (refusing to hear appeal due to lack of jurisdiction, but noting the district court's order denying a motion to withdraw the reference because the motion was filed nine months after the jury demand).

[20] D. Kan. Rule 83.8.6(a).

[21] D. Kan. Rule 83.8.6(a)(6).

[22] D. Kan. Rule 83.8.6(b) (emphasis added).

-7-

procedures outlined within the Local Rule.[23]

Once a party files the motion to withdraw the reference due to the asserted right to a jury trial, the bankruptcy court must then prepare a "written recommendation" for the district court, analyzing the Seventh Amendment right to jury trial and formulating a recommendation for the district court.[24]

### III. Plaintiffs' Have Not Shown the Need to Correct Clear Error or Prevent Manifest Injustice

Plaintiffs state five separate bases for reconsideration of the Court's Order, but none are sufficient to carry their burden of showing the "need to correct clear error or prevent manifest injustice" under the standard governing motions for reconsideration.[25]

First, Plaintiffs argue that they were not required to respond to the Motion to Strike until Defendant filed a separate supporting memorandum, relying on D. Kan. Local Rule 7.1. But those same local rules expressly required Plaintiffs to respond within fourteen days to the non-dispositive jury trial motion.[26] If Plaintiffs perceived a conflict in the rules, the careful approach would have been to seek an extension of time. That was not done. Accordingly, the Court was justified in considering the Motion

---

[23] D. Kan. Rule 83.8.6.

[24] D. Kan. Rule 83.8.6(f). Often, the bankruptcy court recommends that it retain the proceedings through discovery and disposition of dispositive motions. *See, e.g.*, *Parks v. Persels & Assocs., LLC (In re Ballway)*, Case No. 10-13945, Adv. No. 11-05016, 2011 WL 1770996, at *4 (Bankr. D. Kan. Apr. 20, 2011); *Parks v. Persels & Assocs., LLC (In re Kinderknecht)*, Case No. 09-13443, Adv. No. 10-5209, 2011 WL 841141, *4 (Bankr. D. Kan. Mar. 4, 2011); *Parks v. Consumer Law Assocs., LLC (In re Lewis)*, Case No. 10-10117, Adv. No. 10-5098, 2010 WL 3905442, at *3 (Bankr. D. Kan. Sept. 29, 2010).

[25] D. Kan. Rule 7.3(b).

[26] D. Kan. Rule 6.1(d)(1).

uncontested.[27]

Second, Plaintiffs argue that Rule 39 of the Federal Rules of Civil Procedure mandates the bankruptcy court conduct a jury trial because this Court did not expressly find that there was no constitutional right to a jury trial. We know that is incorrect, as fully discussed earlier, because the bankruptcy court statutorily cannot hold a jury trial when all parties do not consent to jury trial in the bankruptcy court.[28]

Third, Plaintiffs argue that they are not required to file a motion to withdraw the reference, contending the cases cited by Defendants in their Motion to Strike are "based on outdated law that bankruptcy courts may not hold jury trials."[29] It is accurate that the Tenth Circuit previously held that jury trials in bankruptcy proceedings could only take place in a district court sitting in its original jurisdiction in bankruptcy.[30] Also accurate is that Congress subsequently amended 28 U.S.C. § 157 to provide subsection (e), permitting jury trials in bankruptcy courts where the district court has specially designated and all parties expressly consent. In February 1995, the District of Kansas provided this designation through D. Kan. Rule 83.8.13, and Plaintiffs even cite that rule. But Plaintiffs overlook the requirement for unanimous, express consent to a jury

---

[27] D. Kan. Rule 7.4(b).

[28] 28 U.S.C. § 157(e) (a jury trial in the bankruptcy court requires consent of all of the parties).

[29] Doc. 20 at p. 3.

[30] *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 392 (10th Cir. 1990).

-9-

trial in the bankruptcy court.[31] Where there is no "express consent," and a plaintiff requests a jury trial, D. Kan. Rule 83.8.6 requires a motion to transfer the proceeding to the district court within twenty days of the filing of the plaintiff's complaint.[32] Plaintiffs were required, but did not do so, here.

Fourth, Plaintiffs argue that the *Granfinanciera* test governing the right to a jury trial cited in Defendants' Motion to Strike is not triggered because Plaintiffs' Complaint requests money damages for emotional distress and lack of good faith and fair dealing, and states a violation of the Kansas Uniform Consumer Credit Code. While this may be true, procedural errors by Plaintiffs prevent the Court from even reaching this argument. Where all parties do not consent to a jury trial in the bankruptcy court, the party requesting the jury trial must timely file a motion in the bankruptcy court for withdrawal of the reference so that the jury trial, if appropriate, can be conducted in the

---

[31] Even if the Court decided to measure the time for Plaintiffs to file a motion to withdraw the reference under D. Kan. Rule 83.8.6 from the date of Defendants' Motion to Strike filed in September 2011, the twenty days expired over two months ago. No matter the measure, Plaintiffs did not (and still have not) filed a timely motion to withdraw the reference.

[32] In one of the cases cited by Defendants in support of their Motion, *Stainer v. Latimer (In re Latimer)*, the Tenth Circuit noted the holding from *Kaiser Steel Corp.* that bankruptcy courts do not have jurisdiction to hold a jury trial, and held that when the bankruptcy court cannot hold a jury trial (but a jury trial is demanded), failure to make a timely request under Rule 38 of the Federal Rules of Civil Procedure and to file a motion to withdraw the reference to transfer the proceeding to the district court constitutes a waiver of the right to jury trial. 918 F.2d 136, 137 (10th Cir. 1990).
  In this case, the bankruptcy court cannot hold a jury trial because all parties do not consent—a different reason for the unavailability of the jury trial in the bankruptcy court than the one stated in *Latimer*. Because of this unavailability, however, the result is the same: the party seeking the jury trial must still make a timely motion to withdraw the reference and transfer to the district court. As the Tenth Circuit held in *Latimer*, failure to make that timely motion is a sufficient basis for finding waiver of the right to jury trial.
  The second case cited by Defendants, *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir. 1988), is, simply put, wholly inapplicable. The case concerns an involuntary bankruptcy petition, and makes no mention of jury trials.

-10-

district court. The motion must state the bases for its motion, and specify why the movant is entitled to a jury trial on its claims.

Plaintiffs did not follow this mandated procedure, and Defendants moved to strike the requested jury trial almost 30 days[33] *after* the motion to withdraw the reference was required. Even after receiving this motion, Plaintiffs elected not to file the requisite motion at that point, or at any time. This is true despite the Court's express reference to a motion to withdraw the reference within its Scheduling Order issued in early October 2011.[34] Defendants' Motion to Strike argued this procedural defense and additionally attacked the constitutional basis for the requested jury trial. There is simply no need to assess the constitutional basis when Plaintiffs have failed to undertake the required procedural steps.

Finally, Plaintiffs argue that additional time should be granted to respond to Defendants' Motion to Strike based on the excusable neglect of their counsel. Even if the Court were to grant Plaintiffs' requested additional time to respond, there is no remedy available. Defendants properly moved to strike based, in part, on failure to timely move to withdraw the reference. Even if Plaintiffs were now permitted to respond to the Motion to Strike, Plaintiffs have offered absolutely no reason for excusing the failure to timely move to withdraw the reference, despite both Defendants and the Court pointing Plaintiffs to that requirement. Plaintiffs' counsel argues that he demonstrates excusable neglect for not responding to the Motion to Strike because he thought a

---

[33] The Complaint was filed July 22, 2011, and a motion to withdraw the reference was due twenty days later, on August 11, 2011. The Motion to Strike was filed September 6, 2011.

[34] Doc. 17 at ¶ 5.

-11-

hearing would be scheduled on the Motion, and because he was traveling out of state from September 30 to October 5.[35] But he makes no claim that he has been unable to timely file the motion to withdraw the reference, which was due long before the Motion to Strike was filed, and long before the time when counsel was out of state.

Plaintiffs have failed to carry their burden on the motion for reconsideration. In assessing a motion to withdraw the reference based on a requested jury trial, Judge Somers has aptly stated, "the right to a jury trial can be waived by failing to make a timely demand 'even though it was inadvertent and unintended and regardless of the explanation or excuse.'"[36] Even if the Court granted Plaintiffs' Motion to Reconsider and gave Plaintiffs the opportunity to oppose Defendants' Motion to Strike, Plaintiffs have waived any right to a jury trial. This was a stated basis for the original Motion to Strike, and there was no clear error or manifest injustice in the Court's original Order on that Motion.

## Order of the Court

The Court denies Plaintiffs' Motion for Reconsideration of the Court's Order

---

[35] Doc. 20 at p. 5–6.

[36] *Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 644 (Bankr. D. Kan. 2006) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, Civil 2d, § 2321 at 166 (1995)). The facts and ultimate conclusion of the *Hassan* case provide a suitable comparison to those stated herein. In *Hassan*, the defendant seeking a jury trial did not file a motion to withdraw the reference until approximately three and a half months after the motion was required under D. Kan. Rule 83.8.6. Judge Somers recommended to the District Court that transfer be permitted even though the motion to withdraw the reference was not timely. Judge Murguia ultimately exercised his discretion to grant the motion to withdraw the reference despite the untimeliness because there was no prejudice to the opposing party. *Redmond v. Hassan*, No. 06-234-CM, 2008 WL 795740, at *2 (D. Kan. 2008). In contrast to the facts of *Hassan*, the party seeking the jury trial herein has *never* filed a motion to withdraw the reference, despite the passage of over four months since the jury trial demand was made in the Complaint, and despite the reference in Court's Scheduling Order to 28 U.S.C. § 157.

Granting Defendants' Motion to Strike.

**It is so ordered**.

# # #